# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 5:16-cv-57-FDW

| | |
|---|---|
| ARTHUR LEE GIVENS BEY, IV, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| N.C. DEPARTMENT OF PUBLIC ) | |
| SAFETY, ET AL., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e) and § 1915A. (Doc. No. 1). On September 14, 2016, the Court entered an order waiving the initial filing fee and directing monthly payments to be made from Plaintiff's prison account. (Doc. No. 7). Thus, Plaintiff is proceeding in forma pauperis.

## I. BACKGROUND

Pro se Plaintiff Arthur Lee Givens Bey, IV, a North Carolina prisoner currently incarcerated at Alexander Correctional Institution in Taylorsville, North Carolina, filed this action on March 31, 2016, pursuant to 42 U.S.C. § 1983. Plaintiff named as Defendants: (1) North Carolina Department of Public Safety; (2) Alexander Correctional Institution; (3) Susan White, Superintendent of Alexander; (4) Todd Pinion, Regional Director for Alexander; (5) George Solomon, Director of Prisons, State of North Carolina; and (6) Frank L. Perry, Secretary, North Carolina Department of Public Safety. Plaintiff alleges that Defendants were deliberately indifferent to his serious medical needs when, after Plaintiff was sprayed with two cans of pepper spray on July 9, 2015, Plaintiff was not allowed to take a decontamination shower for five days

1

and that he was also detained in tight, full mechanical restraints for four hours after he was sprayed with the pepper spray. More specifically, Plaintiff alleges the following in the Complaint:

> Plaintiff Arthur Lee Givens, IV Bey got into a verbal confrontation with a Lieutenant (Nicholas) and a Sergeant (Harrington) on [July 9, 2015]. The Plaintiff was then pepper-sprayed by both correctional officers; handcuffed and escorted to administrative segregation. The Plaintiff became very irate. Staff personnel, Sergeant (Murray), refused to uncuff the Plaintiff so that the Plaintiff would be constitutionally allowed to take a shower and decontaminate himself. The Plaintiff asserts that (after more hours and the calculation of minutes) be began to receive a very severe headache, as well as taste blood in his mouth, and tightness in the center of his chest with each breath he inhaled and exhaled, while still handcuffed (behind the back) and totally still contaminated (by the use of 2 cans of pepper-spray being distributed on the Plaintiff's head, neck, shoulders, upper chest, and bare skin). The Plaintiff further asserts that (twice) he spit blood out of his mouth on the shower floor, in which he then got the attention of another officer (Xiong), and told and showed this officer his current condition and symptoms. The Plaintiff, while talking to Officer (Xiong), fell to one knee and then over on the right side of his face and body. Officer (Xiong) immediately called in "A Code Blue" for medical assistance. The Plaintiff willingly assures that medical treatment was not adhered to properly to determine the cause of blood from his mouth. The Plaintiff (soon after medical's vital signs assessment) was placed in a full set of "mechanical restraints" (with a face mask, and, leg cuffs that had a chain running from it between my legs (the Plaintiff legs)—that ran along (up and down) the Plaintiff's middle crack of his buttocks (while pressing on his rectum and genitals) for nearly 4 hours consecutively. All this also ran (to and from) a set of waist chains and handcuffs.). The plaintiff was in furtherance, left contaminated with pepper spray on his body and (same) contaminated clothing for 5 days (and over 108 hours). Causing the Plaintiff to immediately resort to a hunger and fluid strike for 14 days (7 days on; 1 day off; another 7 days on).

(Doc. No. 1-1 at 8-10). As relief, Plaintiff seeks $1 million in compensatory damages.

## II.  STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). In its

2

frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

**III.    DISCUSSION**

For the following reasons, the Court will dismiss this action without prejudice. First, as to Defendant Alexander Correctional Institution, a correctional institution is not a "person" subject to suit under Section 1983. See Brooks v. Pembroke Cnty. Jail, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989). Next, as to Defendant North Carolina Department of Public Safety, neither the State of North Carolina nor its agencies constitute "persons" subject to suit under Section 1983. Will v. Mich. Dep't of State Police, 491 U.S. 58 (1989). Furthermore, the Eleventh Amendment bars Plaintiff's suit for monetary damages against the State of North Carolina and its various agencies. See Ballenger v. Owens, 352 F.3d 842, 844-45 (4th Cir. 2003).

Next, as to the individual Defendants White, Pinion, Solomon, and Perry, who all appear to have supervisory roles within the NCDPS system, Plaintiff does not allege any personal participation by these Defendants. Liability under § 1983 must be based on personal participation in the constitutional violation. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978) (stating that under § 1983, liability is personal in nature, and the doctrine of respondeat superior does not apply). Thus, Defendants cannot be held liable for the alleged acts of other persons based merely on their supervisory positions.[1] Therefore, this action must be

---

[1] A supervisor may be liable for acts of his subordinates if (1) the supervisor is actually or constructively aware of pervasive, unreasonable risk of harm from a specified source, (2) the official is deliberately indifferent to that risk, and (3) there exists an affirmative causal link between the supervisor's inaction and the constitutional injury. Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994). Plaintiff does not allege any facts to support a finding of supervisor liability based on these three elements.

3

dismissed. The dismissal will be without prejudice so that Plaintiff may refile his claim against the specific individuals who allegedly violated his constitutional rights, if he so wishes.

### IV. CONCLUSION

For the reasons stated herein, the Court dismisses this action without prejudice.

**IT IS, THEREFORE, ORDERED that:**

1. Plaintiff's Complaint, (Doc. No. 1), is dismissed without prejudice.
2. The Clerk is instructed to terminate this action.

Signed: September 22, 2016

Frank D. Whitney
Chief United States District Judge